UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WARRIOR SPORTS, INC., | Case No. 16-11618 |
| Plaintiff, | Paul D. Borman |
| v. | United States District Judge |
| JOSEPH F. HEALY, III and MIDWEST LACROSSE COMPANY, LTD., | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO COMPEL POST-JUDGMENT DISCOVERY (Dkt. 13)**

**I.  PROCEDURAL HISTORY**

By way of background, a consent judgment was entered against defendant Midwest Lacrosse Company, Ltd. on June 7, 2016 in the amount of $625,816.52. The individual defendant, Joseph Healy, was dismissed and no judgment was entered against him. On November 2, 2016, plaintiff filed a motion to compel post-judgment discovery from defendant Midwest Lacrosse. (Dkt. 13). The motion was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 14). Counsel for Midwest Lacrosse filed a response on behalf of Healy, but not Midwest Lacrosse. (Dkt. 15). Plaintiff filed a reply. (Dkt. 16). In the order setting a hearing, counsel for Midwest Lacrosse was directed to file a response on behalf of Midwest Lacrosse. (Dkt. 18). That

1

was not done. Midwest Lacrosse did, however, participate in the joint statement of resolved and unresolved issues, which was filed on March 23, 2017. (Dkt. 19).

According to the joint statement, counsel for Midwest Lacrosse agreed to provide the documents requested, with an anticipated delivery date of March 27, 2017. (Dkt. 19). It was also anticipated that after the review of the production, counsel for plaintiff would determine whether the production was satisfactory. (Dkt. 19). If so, the motion would be withdrawn. *Id*. The motion was not withdrawn and the Court held a hearing via video teleconference on April 26, 2017. (Dkt. 24).

At the hearing on the matter, counsel for Midwest Lacrosse acknowledged that defendant has neither produced all of the items responsive to plaintiff's requests nor responded in writing to either object to any of the requests or otherwise explain the non-production. As best the undersigned could ascertain, defendant's principal argument appears to be that the defendant company is now defunct and Mr. Healy, who has filed for personal bankruptcy, is the only person who can provide the requested documents, but because there are no funds to conduct the necessary search(es), defendant is unable to accommodate the requests.

## II. DISCUSSION

### A. Legal Standards

As an initial matter, the Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case. Rule 26 authorizes relatively expansive discovery, subject to the considerations set forth in Rule 26(b)(1). Courts have broad discretion over discovery matters, *Trepel v. Roadway Express*, *Inc*., 194 F.3d 708 (6th Cir. 1999). In assessing the proportionality the court should look to:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Rockwell Med., Inc. v. Richmond Bros., Inc.*, 2017 WL 1361129, at *1 (E.D. Mich. Apr. 14, 2017) (quoting Fed. R. Civ. P. 26(b)(1)).

As explained in *Wilmington Trust Co. v. AEP Generating Co.*, 2016 WL 860693, at *2 (S.D. Ohio Mar. 7, 2016), Courts have, in evaluating the proportionality issue, suggested that both parties have some stake in addressing the various relevant factors. *Id*. (citing *Oracle America, Inc. v. Google*, *Inc*., 2015 WL 7775243, *2 (N.D. Cal. Dec. 3, 2015) (observing that "[n]either party submitted a proper analysis of the Rule 26 proportionality factors" and that the

moving party, Oracle, "did not fully address any of the proportionality factors, including the importance of the requested discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" – leaving the court in the position of having to "make its best judgment based on the limited information before it")). The Court observed that a responding party still must meet its burden of explaining how costly or time-consuming responding to a set of discovery requests will be, because that information is ordinarily better known to the responder than the requester. *Id*. However, once that information is presented, both sides are required to address the issue of proportionality, "especially since the requesting party can explain as well as the responder – and perhaps better – why the information it is seeking is important to resolving the case and why it would be a good use of the other party's resources to search for it." *Id.*

    B.    <u>Analysis</u>

While the failure to timely object to discovery requests generally results in waiver, this is not a bright-line rule. *Palombaro v. Emery Fed. Credit Union*, 2017 WL 213071, at *3 (S.D. Ohio Jan. 17, 2017). Instead, "courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests to determine whether enforcement of the waiver is equitable." *Napier v. Cty. of*

*Washtenaw*, 2013 WL 1395870, at *4 (E.D. Mich. Apr. 5, 2013) (quoting *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)). Here, plaintiff served its First Post-Judgment Requests for Production of Documents on August 24, 2016. (Dkt. 13, Ex. A). Under Federal Rule of Civil Procedure 34(b)(2)(A), governing the production of documents, electronically stored information, and inspections, a party to whom a discovery request is directed "must respond in writing within 30 days after being served." *Raub v. Moon Lake Prop. Owners Ass'n*, 2016 WL 6275392, at *3 (E.D. Mich. Oct. 27, 2016). Such a response must respond to each item or category, and must state with specificity any objections. *See* Rule 34(b)(2)(B). The time to respond may be extended by stipulation or by an order of the court. *See* Rule 34(b)(2)(A). Responses were due on September 24, 2016. After that deadline passed, counsel for Midwest Lacrosse requested, and was granted, an extension of time by plaintiff's counsel. (Dkt. 13, Ex. B). On October 17, 2016, Midwest Lacrosse requested an additional extension based on the personal bankruptcy filing of Mr. Healy, which was not granted. (Dkt. 13, Ex. C).

On November 2, 2016, plaintiff filed this motion to compel. As explained above, Midwest Lacrosse did not file a response to the motion to compel, even after being ordered to do so by the undersigned. (Dkt. 18). In that scheduling order, the Court warned Midwest Lacrosse that failure to file a response to the

original motion "**may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 18, Pg ID 256). As counsel for Midwest Lacrosse admitted at the hearing, it has never prepared or served any written responses to the discovery requests (despite having had over six months to do so) nor has it filed a response to the motion (in violation of the Local Rules and this Court's Order). In the view of the undersigned, Midwest Lacrosse's failure to prepare and serve written responses and objections and its failure to file a written response to the motion to compel, as required by the local rules and as ordered by the Court, have resulted in a waiver of any and all objections to the discovery propounded.

Despite the foregoing conclusion that Midwest Lacrosse waived all objections, the undersigned believes it appropriate to address one objection raised. Midwest Lacrosse's primary objection to expending any further time or energy to providing responses relates to Mr. Healy's personal bankruptcy and that Midwest Lacrosse is a "defunct" corporation.[1] Counsel for Midwest Lacrosse argued at the hearing that Mr. Healy is the only person who can answer the discovery and that he neither has the funds, nor any legal obligation to do so. However, lack of funds

---

[1] Mr. Healy argued in his response that the post-judgment discovery sought against Midwest Lacrosse violated the automatic stay in his personal bankruptcy in Ohio. This argument finds no support in the law and appears to have been abandoned as it was not raised at the hearing by counsel for Midwest Lacrosse.

6

is not the same as a lack of authority or lack of legal obligation. Midwest Lacrosse does not provide any authority for its suggestion that Mr. Healy cannot or need not act as its representative in these circumstances. Thus, even if Midwest Lacrosse had not waived its right to assert objections, the undersigned concludes that this objection has no merit and that Midwest Lacrosse should provide full and complete written responses to the discovery requests and produce all responsive documents and electronically stored information in its possession, custody, or control.

As to the parties' dispute regarding the production of the Quickbooks data, which plaintiff maintains it cannot access in its present native form, the Court recommends that the parties be directed to meet and confer regarding the costs of Midwest Lacrosse providing an accountant's copy of all the Quickbooks (as plaintiff requested, but which Midwest Lacrosse resisted for reasons that are not entirely clear) versus the cost to plaintiff for purchasing the software necessary to read the Quickbooks data in its native format. This information should be provided to Judge Borman so that a final determination can be made regarding the method of production of the Quickbooks data and who will bear any costs for that production.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's

motion be **GRANTED** and that Midwest Lacrosse must prepare and serve full and complete responses, as outlined above, to the discovery requests within 14 days of the resolution of any objections to this report and recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1,"

"Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 5, 2017                       s/Stephanie Dawkins Davis
                                        Stephanie Dawkins Davis
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 5, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov